UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY G. KIZZEE,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>Respondent. | No. 1:18-cv-01183-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, Anthony Kizzee, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e), the Court will recommend the petition be DISMISSED for lack of jurisdiction.

**I.      Background**

On April 18, 1997, Petitioner was convicted of one count of conspiracy to possess with intent to distribute crack (21 U.S.C. § 846); six counts of travel in interstate commerce for unlawful activity (18 U.S.C. § 1952(a)(3)); and one count of possession with intent to distribute 750 grams of crack cocaine (21 U.S.C. § 841(a)(1) & (2)). Based on his violations of 21 U.S.C. §§ 841 and 846, the United States District Court for the Southern District of Mississippi sentenced Petitioner to life imprisonment. The Fifth Circuit Court of Appeals affirmed Petitioner's conviction on

1

August 10, 1998.

Subsequently, Petitioner sought post-conviction collateral relief. He filed a motion pursuant to 28 U.S.C. § 2255 with the Southern District of Mississippi, which was denied on December 14, 2005.

Petitioner now brings this § 2241 habeas petition challenging his conviction and sentence. He claims that in light of the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), his life sentence is no longer cognizable. Petitioner acknowledges that defendants convicted in federal court are obliged to seek collateral relief from their convictions and sentences through § 2255; however, he claims he is barred from doing so as it would be denied as successive. He claims he should be allowed to proceed under § 2241 via the "savings clause" or "escape hatch" in § 2255(e).

## II.  **Discussion**

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence using a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner does in this case. *Tripati*, 843 F.2d at 1162.

A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody. *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). But a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens*, 464 F.3d at 897. Restrictions on the availability of a § 2255 motion cannot be avoided by filing a petition under 28 U.S.C. § 2241. *Id.*

If a federal prisoner can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention," he may nonetheless seek relief under § 2241. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); *Hernandez*, 204 F.3d at 864-65. The exception is very narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective simply because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred. *See Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956).

A petitioner may establish that §2255 provides an inadequate and ineffective remedy, thereby permitting that petitioner to proceed under § 2241, if (1) the petitioner makes a claim of actual innocence, and (2) has never had an unobstructed procedural shot at presenting the claim. *Stephens*, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Here, Petitioner challenges the validity and constitutionality of the sentence imposed by the Southern District of Mississippi rather than the administration of his sentence. As such, proper procedure required him to file a motion pursuant to § 2255 rather than a petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but contends the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he does not present a claim of actual innocence.

**A. <u>Actual Innocence</u>**

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested using the standard articulated by the U.S. Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998). *Stephens*, 464 U.S. at 898. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (*internal quotation marks omitted*). The

3

petitioner bears the burden of proof. *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

Here, Petitioner does not assert that he was factually innocent of the crime of which he was convicted but challenges only his sentence based on *Mathis*. The savings clause requires him to prove that he is actually innocent of the crimes for which he was convicted, not that the sentence was erroneously imposed. *See Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954.

The Ninth Circuit has noted the possibility that a habeas petitioner "may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible." *Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012) (citing *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011), and *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011)). The Ninth Circuit has recognized that some circuits have found exceptions to the general rule and suggest that a "petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation." *Id.* at 1195; see, e.g., *Sutton v. Quintana*, 2017 WL 4677548, at *2 (6th Cir. 2017) (permitting petitioner to proceed under the escape hatch with a *Mathis* claim because his sentence exceeded the statutory maximum absent an apparently erroneous enhancement under the Armed Career Criminal Act, making his sentence the result of a "fundamental defect") (citing *Hill v. Masters*, 836 F.3d 591, 597 (6th Cir. 2016)). Regardless of whether it is possible that a habeas petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible, Petitioner fails to make such a showing since *Mathis* is inapplicable in his case.

In *Mathis*, the Supreme Court addressed sentences under the Armed Career Criminal Act ("ACCA"). The ACCA mandates a minimum sentence of 15 years' imprisonment for any defendant convicted of being a felon in possession of a firearm and who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

4

18 U.S.C. § 924(e)(2)(B).

Thus, pursuant to § 924(e), any crime punishable by more than a year in prison is a violent felony if it falls within one of three categories. First, under what is sometimes referred to as the "elements clause," a violent felony includes any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The second category includes the "enumerated crimes" of "burglary, arson, or extortion," and those "involv[ing] [the] use of explosives." § 924(e)(2)(B)(ii). Finally, under the "residual clause," a violent felony includes those crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." *Id*.

In *Mathis*, the Supreme Court considered the second category of predicate offenses, specifically the enumerated offenses of burglary, arson, extortion, or those involving the use of explosives. *Mathis*, 136 S.Ct. at 2248. The Supreme Court held that a prior conviction does not qualify as a predicate offense for purposes of the ACCA if an element of the crime of conviction is broader than an element of the generic offense of one of the enumerated offenses, when the crime of conviction sets forth various alternative factual means of satisfying a single element. *Id.* at 2257.

**B. The Supreme Court's Decision in *Mathis* Is Inapplicable in Petitioner's Case**

In this case, Petitioner was not sentenced pursuant to the ACCA. Petitioner was sentenced to life imprisonment pursuant to 21 U.S.C. §§ 841 and 846. *Mathis* is therefore inapplicable and Petitioner's claims of actual innocence for wrongful classification are meritless. The Court need not discern whether Petitioner had an unobstructed procedural shot at presenting his claims, since he has failed to make a showing of actual innocence and thus failed to demonstrate that his remedy by way of § 2255 is inadequate or ineffective.

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

### III. Conclusion and Recommendation

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: __**October 24, 2018**__   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE